### H. C. WHITE CO. v. WALBRIDGE et al.

(Circuit Court, D. Vermont. October 29, 1902.)

1. PATENTS—INFRINGEMENT—TAKING PART OF INVENTION.

    The exclusive right granted by a patent is invaded whenever any substantial part of the invention for any of its purposes, though not the whole for all of its purposes, is taken.

2. SAME—STEREOSCOPE.

    The White patent, No. 548,149, for a stereoscope, showing a construction to more effectually exclude the light from the hood, discloses invention, and is valid; also *held* infringed.

In Equity. Suit for infringement of letters patent No. 548,149, for a stereoscope, granted to Hawley C. White October 15, 1895. On final hearing.

Franklin Scott, for plaintiff.

George A. Mosher, for defendants.

WHEELER, District Judge. This suit is brought for alleged infringement of patent No. 548,149, dated October 15, 1895, and granted to Hawley C. White, assignor to the plaintiff, for a stereoscope. The specification sets forth that:

"The invention relates to the construction of the several parts of the common hand stereoscope, and constitutes an improvement in the method of making and putting together the several parts, whereby a more convenient and durable 'scope is produced. As 'scopes have heretofore been constructed, the front end of the shaft has been cut off flush with the front side of the lens-frame, and the hood has been carried around only to the edge of the broad part of the shaft, so that there was a considerable opening on each side of the nose of the observer for the admission of light to the eyes from below, which would interfere with perfect vision. I have devised several varieties of hood to obviate this interference of light from below, of which this is one. The edge of the hood and end of the shaft are shaped to conform to the contour of the face, so that when the instrument is held to the face all parts of the edge of the hood and end of the shaft will fit the face. By carrying the shaft across the lens-frame, as shown, and holding the ends of the hood in rabbets or grooves, a much firmer structure is obtained, and the hood is held from curling or warping out of shape,—a thing it is liable to do, as it is generally made up of veneers transversely laid up in glue."

The claims in question are for:

"(1) A stereoscope, consisting of a lens-frame, a shaft attached thereto, which extends forward of the said frame and is recessed to fit closely the nose and cheeks, and a hood, which extends around the said frame to the sides of the said shaft, and is supported thereby, the front part of the said shaft being practically a part of the said hood, the said hood being also provided with extensions for fitting against the temples, to combine with the said recessed shaft in forming a dark chamber, substantially as set forth. (2) A stereoscope, consisting of a lens-frame, a shaft attached thereto, which extends forward of the said frame and is recessed to fit closely the nose and cheeks, and a hood, which extends around the said frame to the sides of the said shaft, and is supported thereby, making the latter practically a part of the said hood, substantially as set forth. (3) The described improvement in stereoscope consisting of a lens-frame, a shaft extending forward of the said frame, and a hood extending around the said frame to the sides of the said shaft and supported thereby; the front edges of the hood and the front end of the shaft being cut to fit the shape of the face of the observer, substantially as set forth."

Hoods for instruments that excluded the light from below—which is a useful effect—had been made before; but the extension of the shaft shaped to fit the nose and face and adapted to support the hood does not appear to have been used before for that or any purpose. These former hoods were clumsy, and had not been well adapted to practicable and successful 'scopes. The invention made darker chambers within the hoods more feasible, and came immediately into extensive use, and the patent for it seems to be valid for what it covers.

The more important and difficult question is as to infringement. In the defendants' 'scopes complained of the shaft stops at the lens-holder, as before, and a piece of veneering shaped to fit the nose and face, and curved to lie at each end within and upon the lower edges of the hood, is fastened to the shaft there. The patent cannot be valid for excluding the light from below and forming a darker chamber within the hood, for that would be old, but only for the means by which the darker chamber is formed and maintained. The defendant does not extend the shaft bodily beyond the lens-holder for excluding light from below and supporting the edges of the hood, but adds another piece extending from the end of the shaft, and supported by the edges of the hood, for excluding the light. This piece does not sup-

port the edges of the hood, which is one object of the patented in-vention; but does exclude the light from below, which is another object, by what for this purpose is an extension of the shaft, in the same way. Splicing out the shaft to exclude the light is the substantial equivalent of extending the shaft bodily for the same purpose, and this part of the invention appears to have been appropriated by the defendant. The exclusive right granted by a patent is invaded whenever any substantial part of the invention for any of its purposes, although not the whole for all its purposes, is taken. It is argued with force and plausibility that these claims are, by their terms, limited to 'scopes with hoods supported by the extension of the shafts; but the contact of the defendants' extension piece with the hood is the full equivalent of that of the extension of the shaft of the patent with the hood for support in excluding light from below, and the limitation does not seem to apply to these claims in respect to this object. The extension piece becomes practically a part of the hood, as in the first claim the extension of the shaft is said to be. The defendant appears to have taken the idea of the patent in constructing the infringement.

Decree for plaintiff.